UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

WILLIAM HARE & TIFFANY HARE,

    Plaintiffs,
v.                                    Case No. 2:12-cv-435-FtM-UA-SPC

WELLS FARGO BANK, N.A., AKA
WACHOVIA MORTGAGE, F.S.B.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. # 2), which was filed on August 9, 2012. For the reasons that follow, the Court grants the Motion for Temporary Restraining Order and refers the Motion for Preliminary Injunction to the Honorable Sheri Polster Chappell, United States Magistrate Judge, for the issuance of a Report and Recommendation.

**Discussion**

On the basis of Plaintiffs' Complaint (Doc. # 1), the declaration of Christopher P. Bray and the various exhibits attached thereto, this Court finds that Plaintiffs have met their initial burden for the issuance of a Temporary Restraining Order (TRO), pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1. The Court finds a reasonable likelihood that Plaintiffs will succeed on the merits of their claims against Defendant.

2. The Court finds that Plaintiffs have shown a meaningful risk of irreparable harm in the absence of a TRO, specifically the sale of real property commonly known as 4307 Coronado Parkway, Cape Coral, Florida 33904, on August 20, 2012.

3. The public interest will be served by the issuance of a TRO.

4. This Order is being entered without prior notice to Defendant because the threatened injury is immediate and further delay could result in irreparable damage to Plaintiffs.

Accordingly, this Court grants Plaintiff's Emergency Motion for Temporary Restraining Order. The Temporary Restraining Order is effective immediately and will remain in effect through and including August 20, 2012, at 5:00 p.m. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of Civil Procedure 65(b)(2).

Based on the unique facts of this case, the Court concludes that no security is required under Federal Rule of Civil Procedure 65, at this point in the proceedings, especially since the purpose of the Motion is to maintain the status quo. See Johnston v. Tampa Sports Authority, 8:05-cv-2191, 2006 U.S.

Dist. LEXIS 77614 (M.D. Fla. Oct. 16, 2006)("[T]he bond requirement of Rule 65(c) is appropriately waived in certain circumstances."). Should Defendant make a showing that security is appropriate for the issuance of further injunctive relief, this Court will give further consideration to the matter of security.

During the pendency of the TRO, Defendant and its agents, servants, employees, and attorneys and those in active concert or participation with Defendant are restrained and enjoined from proceeding with the foreclosure sale of the real property commonly known as 4307 Coronado Parkway, Cape Coral, Florida 33904, scheduled for August 20, 2012.

Plaintiffs shall immediately provide by email, facsimile and regular mail a copy of this TRO to counsel for Defendant, if counsel is known, or, if counsel is not known, directly to Defendant. The Court hereby refers Plaintiff's Motion for a Preliminary Injunction to the Honorable Sheri Polster Chappell, United States Magistrate Judge, for the issuance of a Report and Recommendation, including any hearings, motions, and deadlines related thereto.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Emergency Motion for a Temporary Restraining

Order (Doc. # 2) is **GRANTED** consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately and will remain in effect through and including August 20, 2012, at 5:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

(3) Plaintiffs shall immediately provide a copy of this Temporary Restraining Order to Defendant as outlined above.

(4) Plaintiffs' Motion for a Preliminary Injunction (Doc. # 2), is hereby referred to the Honorable Sheri Polster Chappell, United States Magistrate Judge, for the issuance of a Report and Recommendation, including any hearings, motions, and deadlines related thereto.

**DONE** and **ORDERED** in Fort Myers, Florida, this **9**th day of August, 2012, at 5:30 p.m.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Counsel and Parties of Record