UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**WILLIAM HARE and TIFFANY HARE,**

      **Plaintiffs,**

V.                                            **Case No:  2:12-cv-435-FtM-99SPC**

**WELLS FARGO BANK, N.A.,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. #2) filed on August 9, 2012.  Also before the Court is Defendant's Motion to Dismiss, Motion to Vacate Order Granting Temporary Restraining Order, and Motion for Sanctions (Doc. #16) filed on August 17, 2012.

This is a breach of contract action for injunctive relief and damages in which Plaintiffs allege that Defendant breached certain terms of an Agreement and Stipulation of Settlement of Class Action (Doc. #4-7) entered into by the Parties in 2010, in settlement of a class action regarding "Pick-A-Payment" mortgage loans.  See In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation, Case No. 5:09-md-2015-JF (N.D. Cal. 2010).  The basis for jurisdiction alleged by the Plaintiffs in their Complaint (Doc. #1) is diversity jurisdiction, 28 U.S.C. § 1332.

A Temporary Restraining Order was entered by the District Court on August 8, 2012, and Plaintiffs' Motion for Preliminary Injunction was referred to the undersigned for preparation of a

Report and Recommendation. (Doc. #9). The TRO was effectively immediately and remained in effect through and including August 20, 2012, at 5:00 p.m. On August 17, 2012, Defendant filed a Motion to Dismiss, Motion to Vacate Order Granting Emergency Temporary Restraining Order, and Motion for Sanctions (Doc. #16) arguing that this Court lacked jurisdiction. The undersigned held a hearing on the matter on August 20, 2012. Christopher Bray appeared on behalf of the Plaintiffs. Adam Rabinowitz and Scott D. Knapp appeared on behalf of Defendant, Wells Fargo Bank.

## BACKGROUND

According to the Complaint, on or about March 21, 2006, Plaintiffs William and Tiffany Hare entered into an Adjustable Rate Mortgage Note/Pick-A-Payment Loan with Wells Fargo Bank, N.A., f/k/a Wachovia Mortgage, F.S.B., f/k/a World Savings Bank, F.S.B. The Note was secured by a Mortgage in favor of Wells Fargo against Plaintiffs' home at 4307 Coronado Parkway, Cape Coral, Florida 33904. The Hares have not made a payment on the loan since August 15, 2008, and Wells Fargo alleges that all payments are due from that time through the present. The Hares still reside in the home. (See Doc. #15, p. 1). Accordingly, on November 12, 2008, Wells Fargo filed a Mortgage Foreclosure Complaint against Plaintiffs. On December 16, 2010, Wells Fargo and a class of borrowers, including Plaintiffs, who were sold "Pick-A-Payment" notes by Defendant entered into a Settlement Agreement pursuant to a class action lawsuit filed in the United States District Court for the Northern District of California. On December 16, 2010, the United States District Court for the Northern District of California preliminarily approved the Settlement Agreement between Wells Fargo and Plaintiffs. In re Wachovia Corporation "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation, Case No. 5:09-md-2015-JF, 2011 WL 1877630 (N.D. Cal. Dec. 16, 2010). The lawsuit included

2

all persons who entered into Pick-A-Payment loans between August 1, 2003, and December 31, 2008.  Three classes were certified: (1) persons who had entered into but no longer held the loans at issue (Class A), (2) persons who still held the loans but are not in default (Class B), and (3) persons who still held the loans but were in default (Class C).  Id. at *1.  The settlement provided for $50 million to be distributed to Class A members who submitted claim forms and Class B and C members who did not opt out.  Id.  The settlement also provided for Class C and certain Class B members to be considered for loan-modification programs (the federal Home Affordable Modification Program, "HAMP", or Defendant's Mortgage Assistance Program 2, "MAP2R"), and if not eligible for loan modification, qualified members could receive a $1,500 incentive payment.  Id. at *2.  On May 17, 2011, the Northern District of California entered its Order approving the Class Action Settlement.  (Doc. #4-10).

The Settlement Agreement (Doc. #4-7) and Order approving same (Doc. #4-10), both entered by the Northern District of California, state that the United States District Court for the Northern District of California retained jurisdiction for enforcement, modification, or interpretation of the Class Action Settlement.  See Doc. #4-7, at ¶ XIV(B) – "The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Lawsuit, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement"; ¶ f(1) – "This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of all Parties.  Any action seeking directly or indirectly to challenge, modify, construe, obtain relief from, extend, limit, or enforce this Agreement shall be commenced and maintained only by the Court).  See also Doc. #4-10, at p. 7 – "Moreover, the Court expressly has retained jurisdiction over this matter."

On or about July 15, 2011, Plaintiffs William and Tiffany Hare received notice of their status as Class C parties to the Settlement Agreement between Wells Fargo and Plaintiffs. Apparently the Hares did not opt out of the settlement because on October 7, 2011, Plaintiffs received a check in the amount of $178.04 (Doc. #4-13) from the settlement administrator as their share of the settlement. On January 6, 2012, Plaintiffs' Counsel advised counsel for Wells Fargo that in order to abide by the terms of the Settlement Agreement, the Mortgage Foreclosure Complaint must be withdrawn as alternatives to foreclosure must be offered under the Agreement. Wells Fargo refused to do so, and on April 20, 2012, the Twentieth Judicial Circuit Court of Florida issued Final Judgment of Foreclosure in favor of Wells Fargo offering the judicial sale of Plaintiffs' home to occur on August 20, 2012. Thereafter, Plaintiffs filed a Motion to Vacate Final Judgment of Foreclosure with the state court, but that was denied on July 19, 2012. (Doc. #4-19). Plaintiffs subsequently filed the instant Complaint in this Court on August 9, 2012, alleging two counts, solely for injunctive relief. Count I for emergency injunctive relief and Count II for breach of agreement, alleging that Wells Fargo breached its obligations under the Settlement Agreement including its obligation to provide Plaintiffs a variety of resolution options in lieu of foreclosure. The request for injunctive relief asked this Court to issue a TRO and preliminary injunction to postpone the foreclosure sale of Plaintiffs' home until this Court can rule on Plaintiffs' Motion to Enforce Settlement Agreement (Doc. #5). Plaintiffs allege that the sale of the home at foreclosure would violate the terms of the Settlement Agreement.

## DISCUSSION

Defendant's Motion to Dismiss argues that jurisdiction to enforce the terms of the Class Action Settlement Agreement lies in the Northern District of California based on the language of

the Settlement Agreement and Order approving same that was issued by the Northern District of California. Plaintiffs' Counsel conceded at the hearing that the Northern District of California does in fact have jurisdiction over this matter, but asked the Court to exercise its equitable power to allow the Plaintiffs time to enter an appearance in the Northern District of California so that they may file a request for temporary restraining order in that court. In essence, the Plaintiffs argue in opposition to the Motion to Dismiss that the Court has equitable jurisdiction over this matter to enter a preliminary injunction to stop the foreclosure. The Court recommends that this argument fails because even though Plaintiffs Complaint is one for injunctive relief (Doc. #1, ¶1), which sounds in equity, the proper Court to seek such relief by Plaintiffs' own admission is the Northern District of California.[1]

Traditional rules of equity apply to requests for injunctive relief. See eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). "The decision to grant or deny ... injunctive relief is an act of equitable discretion by the district court." Id. The grant of a preliminary injunction is considered an "extraordinary remedy" that should be granted only in "limited circumstances." See Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Injunctive relief is an equitable remedy that is not available as a matter of right." Grayson v. Allen, 491 F.3d 1318, 1322 (11th Cir. 2007). In this case, while Plaintiffs may invoke the equitable jurisdiction of a court through injunctive relief in order to halt the foreclosure of their home, the proper Court to do so is the Northern District of California. Plaintiffs have conceded that the Northern District of California has

---

[1] Plaintiffs requested at the hearing that they be allowed to amend their complaint to allege diversity and federal question jurisdiction. A court must provide substantial justification for denying a timely-filed motion for leave to amend. Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id. The Court recommends that amendment would be futile because even if Plaintiffs amend, it has been conceded that jurisdiction over the enforcement of the settlement agreement lies with the Northern District of California. Further, amendment would only delay the proceedings.

jurisdiction over this matter and Plaintiffs have not identified any "equitable principles" upon which the Court may halt the foreclosure. Therefore, the Court recommends that the request for a preliminary injunction be denied and the matter be dismissed for lack of jurisdiction.[2]

Defendant also requests sanctions, including attorney's fees and costs, against both the Hares and their counsel, Christopher Bray, Esq., for having to address this matter as there is no arguable basis in law or fact. In support, Defendant argues that Plaintiffs made the same arguments in the foreclosure action when seeking to set aside the foreclosure that they are making here, namely, that Defendant had breached the terms Class Action Settlement Agreement by instituting the foreclosure action. This argument was rejected in the foreclosure proceeding, in which the Twentieth Judicial Circuit stated that pursuant to the Settlement Agreement, enforcement issues can only be heard in the Northern District of California. (Doc. #16-1, ¶9). Even so, Plaintiffs came to this Court and made the exact same arguments which had been rejected in the state court proceeding. Defense Counsel informed the Court at the hearing that he did not have the time to submit a Rule 11 letter to Plaintiffs' Counsel given the immediacy of this action. Indeed, Defendant's argument regarding sanctions is merely two sentences in its brief (Doc. #16, p. 9), the issue was argued briefly at the hearing, and Plaintiffs have not filed a written response regarding the sanctions issue. "Although an award of attorney's fees is ordinarily a matter for the discretion of the district court, an order on attorney's fees must allow meaningful review." Tilton v. Playboy Entertainment Group, Inc., 554 F.3d 1371, 1378-79 (11th Cir. 2009). The Court recommends that at this point in the proceedings Plaintiffs have not been afforded an adequate opportunity to respond to the request for sanctions. Therefore, the request

---

[2] Defendant requests that the Temporary Restraining Order be vacated. The TRO expires on August 20, 2012 at 5:00 p.m. (Doc. #9, p. 2) and at this point no request has been made by Plaintiffs to extend it. Therefore, because the TRO is set to expire at this date and time, the Court recommends that the request to vacate the TRO should be denied as moot at the time of the District Court's consideration of the issue.

for sanctions should be denied at this point in the proceedings without prejudice. Defendant may re-file such a request with the Court if it pleases and thereafter Plaintiffs may have the opportunity to respond.

Accordingly, it is now **RECOMMENDED:**

(1) Defendant's Motion to Dismiss, Motion to Vacate Order Granting Temporary Restraining Order, and Motion for Sanctions (Doc. #16) be **GRANTED in part and DENIED in part.**

   a. Defendant's request to dismiss the action be **GRANTED** as this Court lacks jurisdiction;

   b. Defendant's request to vacate the Temporary Restraining Order be **DENIED AS MOOT** as the TRO is set to expire on August 20, 2012, at 5:00 p.m.;

   c. Defendant's request for sanctions be **DENIED without prejudice**.

(2) Plaintiffs' Motion for Preliminary Injunction (Doc. #2) be **DENIED.**

(3) Plaintiffs' Motion to Enforce the Settlement Agreement (Doc. #5) be terminated and the Clerk be directed to thereafter close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 20th day of August, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record