**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

WILLIAM HARE and TIFFANY HARE,

     Plaintiffs,

v.                                  Case No:  2:12-cv-435-FtM-38UAM

WELLS FARGO BANK, N.A.,

     Defendant.
_____/

## <u>ORDER</u>

     This matter comes before the Court on the Defendant Wells Fargo Bank's Motion for Sanctions Pursuant to 28 U.S.C. 1927 (Doc. #26) filed on October 12, 2012.  The Plaintiffs filed their Response in Opposition (Doc. # 27) on October 15, 2012.  The Motion is fully briefed and ripe for the Court's review.

     Before proceeding with whether or not sanctions should be imposed, a brief review of the facts would be beneficial.  The Plaintiffs are members of a class that filed a class action in the N.D. of California against Wells Fargo over Well Fargo's Pick-A-Payment loan program.  The issue was settled by the N.D. of California which kept jurisdiction over the enforcement of the Settlement Agreement.  <u>See</u> Doc. #4-7, at ¶ XIV(B). The Settlement Agreement stated in pertinent part "[t]he Parties agree that the Court shall retain exclusive and continuing jurisdiction over the Lawsuit, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations under this Agreement"; ¶ f(1) – "This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors, and legal representatives of all Parties. Any action

seeking directly or indirectly to challenge, modify, construe, obtain relief from, extend, limit, or enforce this Agreement shall be commenced and maintained only by the Court). See also Doc. #4-10, at p. 7 – "Moreover, the Court expressly has retained jurisdiction over this matter."

On or about July 15, 2011, Plaintiffs William and Tiffany Hare received notice of their status as Class C parties to the Settlement Agreement between Wells Fargo and the Class. Apparently the Hares did not opt out of the settlement because on October 7, 2011, Plaintiffs received a check in the amount of $178.04 (Doc. #4-13) from the settlement administrator as their share of the settlement. Even though the Plaintiffs were part of the Settlement Agreement, the Defendant Wells Fargo pursued a foreclosure action against the Hares' house in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County Florida.

On January 6, 2012, Plaintiffs' Counsel advised Counsel for Wells Fargo that in order to abide by the terms of the Settlement Agreement, the Mortgage Foreclosure Complaint must be withdrawn and alternatives to foreclosure must be offered under the Agreement. Wells Fargo refused to do so, and on April 20, 2012, the Circuit Court issued Final Judgment of Foreclosure in favor of Wells Fargo offering the judicial sale of Plaintiffs' home to occur on August 20, 2012. Thereafter, Plaintiffs filed a Motion to Vacate Final Judgment of Foreclosure with the State Court, but that was denied on July 19, 2012. (Doc. #4-19).

In order to prevent the foreclosure, the Plaintiffs filed the instant case in this Court seeking a temporary restraining order (TRO) preventing Wells Fargo from foreclosing on their home in the alleged violation of the Settlement Agreement. On

August 8, 2012, the Honorable Virginia M. Hernandez Covington granted the Plaintiff's petition for a TRO (Doc. # 9). The Plaintiffs' Complaint alleged two counts, solely for injunctive relief. Count I for emergency injunctive relief and Count II for breach of agreement, alleging that Wells Fargo breached its obligations under the Settlement Agreement including its obligation to provide Plaintiffs a variety of resolution options in lieu of foreclosure. The request for injunctive relief asked this Court to issue a TRO and preliminary injunction to postpone the foreclosure sale of Plaintiffs' home until this Court could rule on Plaintiffs' Motion to Enforce Settlement Agreement (Doc. #5). Plaintiffs alleged that the sale of the home at foreclosure would violate the terms of the Settlement Agreement.

The Defendant subsequently filed a Motion to Dismiss the Complaint (Doc. # 16) on   August 16, 2012, arguing that a Court in the M.D. of Florida lacked jurisdiction over the Settlement Agreement which Wells Fargo argued properly belonged in the N.D. of California. The Magistrate Judge issued a Report and Recommendation (R & R) recommending the Motion to Dismiss be granted but denying Wells Fargo's Motion for Sanctions at that time.

The R & R was accepted and adopted by the District Court and Motion to Dismiss was granted on September 10, 2012, and the TRO was vacated due to the Court's lack of jurisdiction.  The Court found that the action should have been brought in the N.D. of California, which maintained jurisdiction over the class action Settlement Agreement.

The Defendant Wells Fargo now moves the Court for sanctions pursuant to 28 U.S.C. § 1927. The Defendant argues the Plaintiff filed this action in this Court causing delays and multiplying the proceedings after a settlement agreement had been reached

in the United States District Court for the N.D. of California.  The Plaintiff counters that the Defendant multiplied the proceedings and violated the Settlement Agreement reached between the class of borrowers and the Defendant Wells Fargo by filing a foreclosure action in the Circuit Court in the Twentieth Judicial Circuit in and for Lee County Florida.

Under certain circumstance attorney's fees may be awarded pursuant to § 1927. The statute reads in pertinent part:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Courts have the inherent power to assess attorney's fees and costs as a fine when a losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Kreager v. Solomon & Flanagan, P.A., 775 F. 2d 1541, 1543 (11th Cir. 1985). However, something more than a lack of merit is required to award sanctions for unreasonably and vexatiously multiplying under § 1927. McMahan v. Toto, 256 F.3d 1120, 1129 (11th Cir. 2001).

The plain language of § 1927 sets forth three requirements to justify an imposition of sanctions: (1) an attorney must engage in unreasonable and vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. Id. at 1128.  In determining the propriety of a bad faith fee award, the inquiry focuses on the conduct and motive of the party filing the motion rather than on the validity of the case. Id.

While it is true that the instant case should have been brought in the N.D. of California, merely choosing the improper forum does not rise to the level of unreasonable and vexatious conduct.  The TRO was originally issued by the Court which is a strong indication that there was at least some merit to the claim.  Once it was established that this Court did not have jurisdiction, the matter was dismissed and the Plaintiffs were referred to the N.D. of California.  Thus, there is no good cause at this time to impose sanctions on the Plaintiffs for bringing this action.

Accordingly, it is now

**ORDERED:**

The Defendant Wells Fargo Bank's Motion for Sanctions Pursuant to 28 U.S.C. 1927 (Doc. #26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of June, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record